IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOEL THOMAS BIERMANN** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Case No.: SAG-25-02662** |
| v. | * | |
| | * | |
| **BOOZ ALLEN HAMILTON, INC.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Joel Thomas Biermann ("Plaintiff") brings this action against his former employer, Booz Allen Hamilton, Inc. ("Defendant") alleging retaliation and discrimination in connection with his termination from employment. ECF 1. Defendant has filed a motion to dismiss the complaint, ECF 19, which Plaintiff opposed, ECF 26. Defendant then filed a reply. ECF 27. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the motion to dismiss will be granted.

## I.    BACKGROUND

On June 7, 2024, Defendant informed Plaintiff that his employment would be terminated in three weeks. ECF 1-3 at 17–18. Plaintiff alleges that Defendant terminated him because of a disability connected to his military service and in retaliation for defending a coworker with a disability. ECF 1 at 5. Following unsuccessful attempts to reach a settlement regarding his termination, Plaintiff was arrested on state criminal charges in October, 2024 and has been in custody since then. ECF 26-3 ¶ 3.

Although Plaintiff was supposed to receive a tablet to access the jail's digital legal resources, the jail has not provided Plaintiff with one. *Id.* ¶ 8. After three weeks of waiting to

receive one following his processing into the jail, Plaintiff purchased one from another incarcerated individual. *Id.*

On November 7, 2024, Plaintiff requested that his attorneys draft a form to designate Santiago Ballesteros as his power of attorney to handle his affairs while he remains incarcerated. *Id.* ¶ 5; ECF 26-5 ¶ 4. Plaintiff received the form on November 27 but had to wait until December 19 for the jail to provide him access to a notary. ECF 26-3 ¶ 6. His attorneys picked up the notarized form from him on December 23 but did not give it to Mr. Ballesteros until January 19. *Id.*

Plaintiff submitted a request form to the jail's law library on April 10, 2025. ECF 26-8 at 2. On April 25, he received a response stating that individuals housed in the medical unit, such as Plaintiff, do not have physical access to the law library but have access to the law library app on their tablets. *Id.* at 2, 4, 11; ECF 26-3 ¶ 8. That same day, Mr. Ballesteros filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on Plaintiff's behalf based on Plaintiff's termination. ECF 1-3 at 6–18; ECF 19-3 at 7.

Following the EEOC's rejection of Plaintiff's charge as untimely, ECF 1-3 at 1, Plaintiff filed this lawsuit, alleging retaliation under the Americans with Disabilities Act ("ADA"). ECF 1.[1]

## II.   LEGAL STANDARD

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of

---

[1] Plaintiff's complaint also contains a claim for discrimination under the Uniformed Services Employment and Reemployment Rights Act, but Plaintiff now concedes that that claim must be dismissed because that statute does not provide a cause of action for discrimination based on a service-connected disability. ECF 26-1 at 22.

law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But if a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555.

The Rule 12(b)(6) analysis is typically limited to the four corners of the Complaint. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). However, other documents may be considered where they are "integral to and explicitly relied on in the complaint" and their authenticity is not challenged. *Id.* (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). Notably, "[i]n employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions." *Campbell v. Mayorkas*, MOC-20-697, 2021 WL 2210895, at *1 n.3 (W.D.N.C. June 1, 2021) (quoting *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018)); *see also Webb v. Potomac Elec. Power Co.*, TDC-18-3303, 2020 WL 1083402, at *2 (D. Md. Mar. 6, 2020) ("[T]he Court will consider Webb's EEOC Charge, submitted with the Motion, as a document integral to the Amended Complaint because Webb referenced the EEOC Charge in the Amended Complaint and he has not objected to its

authenticity."); *Evans v. Md. State Highway Admin.*, JKB-18-935, 2018 WL 4733159, at *1 n.1 (D. Md. Oct. 2, 2018) (same); *White v. Mortg. Dynamics, Inc.*, 528 F. Supp. 2d 576, 579 (D. Md. 2007) (same).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III.   DISCUSSION

Defendant argues that Plaintiff's ADA claim must be dismissed because he failed to timely file his EEOC charge. The ADA requires that, before filing suit, a plaintiff exhaust administrative remedies by filing an EEOC charge within 300 days of the alleged unlawful employment action.

42 U.S.C. § 2000e-5(e)(1). A cause of action based on unlawful discharge accrues on the date that the employer informs the employee of the discharge, even if the discharge has a later effective date. *Martin v. Sw. Va. Gas Co.*, 135 F.3d 307, 310 (4th Cir. 1998). Defendant informed Plaintiff of his termination on June 7, 2024, so Plaintiff had until April 3, 2025 to timely file his EEOC charge. Plaintiff filed his charge on April 25, 2025, so it was untimely.

Plaintiff counters that he is entitled to equitable tolling. The timely filing of an EEOC charge does not constitute a jurisdictional prerequisite to a suit in federal court, and equitable tolling may apply. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). A party seeking the benefit of equitable tolling must establish that extraordinary circumstances beyond his control prevented him from filing on time. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling does not apply to "garden variety claims of excusable neglect." *Id.* Rather, the Fourth Circuit has limited equitable tolling to those "rare instances" in which "it would be unconscionable to enforce the limitation period against the party." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Plaintiff presents several circumstances that he argues justify the application of equitable tolling. This Court will address each in turn.

Plaintiff first contends that his incarceration alone entitles him to equitable tolling. Courts in this circuit have consistently concluded, however, that incarceration alone does not automatically warrant the application of equitable tolling. *See Buzzard v. United States*, No. 2:21-cv-00292, 2022 WL 882739, at *6 (S.D.W. Va. Mar. 1, 2022) (collecting cases).

Plaintiff next argues that his lack of access to any legal materials for the first three weeks that he spent at the jail entitles him to equitable tolling. The Fourth Circuit has indicated that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *United States v. Sosa*, 364 F.3d 507, 512 (4th

Cir. 2004) (quoting *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003)). Furthermore, many courts in this circuit have concluded that limitations on access to legal materials in custodial settings do not ordinarily amount to extraordinary circumstances justifying equitable tolling. *See Allen v. Johnson*, 602 F. Supp. 2d 724, 728 (E.D. Va. 2009) (noting that courts have consistently held that interferences with law library access due to transfers between facilities do not constitute extraordinary circumstances); *see also United States v. Ricks*, No. 1:11cr105 (JCC), 2013 WL 1790145, at *4 (E.D. Va. Apr. 25, 2013) (collecting cases and rejecting equitable tolling argument based on limited access to legal materials and an online database because of the party's transfer between facilities).

Like the parties who suffered temporary lack of access to legal materials because of transfers between facilities, Plaintiff suffered a temporary lack of access to legal materials immediately following his initial processing into his facility. In light of this case law and the limited duration of Plaintiff's lack of access, only three weeks out of the three hundred days in his filing period, this Court concludes that his temporary lack of access does not constitute an extraordinary circumstance justifying equitable tolling.

Plaintiff further argues that his denial of any access to the law library throughout his incarceration justifies equitable tolling. Although this denial of access to some legal materials is far longer in duration than the brief denial of his access to digital materials, it appears that it did not have any impact on the timeliness of his charge. Plaintiff did not learn that he lacked access to the law library until after he would have had to timely file his charge. Specifically, Plaintiff sent a request form to the law library on April 10, and he received a response on April 25 stating that individuals housed in the medical unit, such as Plaintiff, could not visit the law library. Because Plaintiff would have had to file his charge by April 3 for it to have been timely, and it appears that

6

Plaintiff did not attempt to access the law library until after that date, the lack of access did not affect the timeliness of his filing.

Finally, Plaintiff points to the delays that he experienced while attempting to notarize the form needed to designate his power of attorney. This Court appreciates that Plaintiff experienced a series of delays outside of his control in this process, but it does not appear that any of those delays impacted the timeliness of his filing. Plaintiff avers in his declaration that the "notary process severely hampered my ability to get a timely PoA which was necessary for me to file my EEOC charges." ECF 26-3 ¶ 7. Plaintiff had successfully designated his power of attorney over two months before he had to timely file his charge, however, and Plaintiff has not identified any actions requiring the power of attorney designation other than the actual filing of the charge.

Because Plaintiff failed to timely file his EEOC charge and has failed to demonstrate entitlement to equitable tolling, this Court must dismiss his ADA claim with prejudice as time barred.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, ECF 19, will be granted. Plaintiff's claims will be dismissed with prejudice, and this case will be closed. A separate Order follows.


Dated: April 13, 2026                                     /s/
                                              Stephanie A. Gallagher
                                              United States District Judge